# EXHIBIT A

Filed 26-CI-04696 10/20/2026 Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
11/16/2026 09:28:11 AM
DONALD.MORGAN@DINSMORE.

**COMMONWEALTH OF KENTUCKY**
**FAYETTE CIRCUIT COURT**
**DIVISION ___**
**CIVIL ACTION NO. ______________**

***FILED ELECTRONICALLY***

**CARRIE STRAUB** **PLAINTIFF**

**v.**

**FAYETTE COUNTY PUBLIC SCHOOLS** **DEFENDANT**

**Serve: Bill Bradford**
**Interim Superintendent**
**Fayette County Public Schools**
**450 Park Place**
**Lexington, Kentucky 40511**

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

Comes the Plaintiff, Carrie Straub (hereinafter "Straub"), by and through the undersigned counsel, and for her Complaint and Demand for Jury Trial, hereby states as follows:

1. Straub is a resident of the Commonwealth of Kentucky, and currently resides in Fayette County, Kentucky. At all relevant times discussed herein, Straub was an "employee" of the Defendant, Fayette County Public Schools, as that term is defined in KRS Chapter 344, *et seq.*, KRS 61.101, *et seq.*, and all other applicable law.

2. The Defendant, Fayette County Public Schools ("FCPS") is a governmental agency or unit organized and having its existence under the laws of the Commonwealth of Kentucky, having its main office and primary place of business in Fayette County, Kentucky. FCPS was Straub's "employer" that term is defined in KRS Chapter 344, *et seq.*, KRS 61.101, *et seq.*, and all other applicable law.

Presiding Judge: HON. LUCY A. VANMETER (622386)

COM : 000001 of 000009



Filed 26-CI-04696 10/20/2026 Vincent Riggs, Fayette Circuit Clerk

Filed 26-CI-04696 10/20/2026 Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
11/16/2026 09:28:11 AM
DONALD.MORGAN@DINSMORE.

3. This Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendant; the amount in controversy is sufficient to meet this Court's minimal jurisdictional requirements; and, venue is appropriate in Fayette Circuit Court.

**GENERAL FACTUAL ALLEGATIONS**

4. Straub repeats and incorporates the allegations contained in numerical paragraphs 1-3 of the Complaint and Demand for Jury Trial as if fully restated herein.

5. Straub became employed by FCPS in January 2020 as a part-time special education teacher following her graduation from college. In August 2020, and because of her excellent work, she was offered and accepted a position at Dunbar High School as a special education and math teacher, where she remained until 2022. Straub left the employment of FCPS in 2022, but became re-employed by FCPS in January 2024 and was assigned to work first as a substitute teacher at Cardinal Valley Elementary School ("CVES") and later as a certified special education teacher at CVES. Straub was told that she was being hired full-time by her team lead because Straub had a profound and impactful impact upon her special needs pupils.

6. Until the illegal retaliation began to occur towards her by employees of FCPS, Straub had absolutely no discipline issued against her, and received good scores on her personnel evaluations at all times while employed by FCPS.

7. In August 2024, and after continually witnessing a special needs student being denied the requirements of his Individualized Education Plan ("IEP"), Straub reported discriminatory treatment of this student to CVES's assistant principal, Eric Preece. Mr. Preece immediately instructed Straub to not use the word "discrimination" in her complaint, and to not send her protected activity complaint by email or text in a clear attempt, at the front end, to cover up Straub's complaints.

Presiding Judge: HON. LUCY A. VANMETER (622386)

COM : 000002 of 000009



Filed 26-CI-04696 10/20/2026 Vincent Riggs, Fayette Circuit Clerk

Filed 26-CI-04696 10/20/2026 Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
11/16/2026 09:28:11 AM
DONALD.MORGAN@DINSMORE.

8. Straub also witnessed other employees at CVES making derogatory and racist remarks about a colleague in ear shot of students, including the comment that "all brown-skinned people are lazy." Straub also personally heard other employees at CVES make derogatory and discriminatory comments about a colleague's sexual orientation.

9. After reporting het complaints to Mr. Preece, Straub began to experience a hostile work environment at CVES, including being yelled at in the presence of students by other teachers, and she witnessed further remarks and comments that were racially charged. Upon information and belief, the coordinated hostility she experienced was a direct result of the complaint she made to Mr. Preece .

10. In January 2025, Straub reported CVES's failure to follow IEP's, lack of behavioral data collection, and racially charged comments made by other staff (often in the presence of students) to Dr. Kevin Disney (Principal at CVES), Cindy Godsey and Shamiah Ford (both in the Human Resources department). Straub further made protected activity disclosures to FCPS's human resources department in late February 2025 of bullying and a hostile work environment.

11. Due to continuing hostility and retaliation taken towards her because of her complaints outlined above, the fact that nothing was being done to address her concerns, and having no other reasonable option (constructive discharge), Straub attempted to submit a resignation notice to CVES with the intent on finishing out the 2024-2025 school year while continuing to advocate for student's services including adherence to their IEP's.

12. FCPS refused to accept Straub's resignation notice, but instead, on April 5, 2025, Straub was issued a non-renewal notice, indicating that she was not being renewed for the upcoming 2025-2026 school year.

Presiding Judge: HON. LUCY A. VANMETER (622386)

COM : 000003 of 000009



Filed 26-CI-04696 10/20/2026 Vincent Riggs, Fayette Circuit Clerk

Filed 26-CI-04696 10/20/2026 Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
11/16/2026 09:28:11 AM
DONALD.MORGAN@DINSMORE.

13. The issuance of the non-renewal by FCPS was in direct retaliation for Straub raising the complaints outlined above.

14. On May 21, 2025, Straub was verbally accosted by a paraeducator named Heather Levine, in front of many students. Straub requested that Ms. Levine be removed due to safety concerns.

15. On May 23, 2025, Straub submitted a formal written complaint to Mr. Preece documenting racist remarks made by other employees; derogatory remarks regarding an employee's sexual orientation made by other employees; harassment; sexual comments made by employees in front of students; failure to follow student's IEP's required by state and federal law; and interference with special education instruction.

16. Straub recorded some of the other CVES employees who were making such remarks and derogatory comments about Straub, in the presence of students. She reported the presence of this recording to Mr. Disney on May 27, 2025.

17. Instead of taking any action on her written complaint, and apparently ignoring the presence of recorded statements (in front of students) that Straub was experiencing a hostile and retaliatory work environment because of her prior protected disclosures, FCPS placed Straub on administrative leave 2 days after she filed her formal written complaint, and reported her to the Educational Professional Standards Board ("EPSB") for making this accidental recording.

18. Straub was eventually cleared of any wrongdoing by the EPSB, but the adverse employment actions taken in retaliation for her raising the complaints outlined above were not reversed; her complaints were not investigated; and her employment was terminated by FCPS in close proximity in time to her protected activity disclosures.

Presiding Judge: HON. LUCY A. VANMETER (622386)

COM : 000004 of 000009



Filed 26-CI-04696 10/20/2026 Vincent Riggs, Fayette Circuit Clerk

Filed 26-CI-04696 10/20/2026 Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
11/16/2026 09:28:11 AM
DONALD.MORGAN@DINSMORE.

## COUNT I

## KRS 344.280 RETALIATION

19. Straub repeats and incorporates the allegations contained in numerical paragraphs 1-18 of the Complaint and Demand for Jury Trial as if fully restated herein.

20. By raising the complaints outlined above, Straub was engaged in activity in which she opposed practices and actions made illegal by KRS Chapter 344, *et seq.*

21. FCPS took adverse action against Straub because of her opposition to these illegal practices and therefore violated KRS 344.280.

22. FCPS's rationale for taking the adverse employment actions against Straub is pretextual.

23. As a direct and proximate result of FCPS's impermissible and retaliatory acts and omissions, Straub has suffered and is entitled to recover from FCPS her actual damages sustained as a result, including compensatory damages for past, present and future lost wages, benefits, and other privileges of her employment with FCPS, and damages for humiliation, embarrassment, personal indignity, and emotional distress, in an amount in excess of the jurisdictional limits of this Court, and is further entitled to recover her Court costs and reasonable attorneys' fees incurred, all from FCPS, in accordance with KRS Chapter 344, *et seq.*

## COUNT II

## KRS 61.102 RETALIATION

24. Straub repeats and incorporates the allegations contained in numerical paragraphs 1-23 of the Complaint and Demand for Jury Trial as if fully restated herein.

Presiding Judge: HON. LUCY A. VANMETER (622386)

COM : 000005 of 000009



Filed 26-CI-04696 10/20/2026 Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
11/16/2026 09:28:11 AM
DONALD.MORGAN@DINSMORE.

25. By raising the complaints outlined above, Straub was reporting, in good faith, FCPS's violations of statutes and regulations, as well as actual mismanagement and abuse of authority, as those terms have been interpreted under KRS 61.102.

26. Straub's protected whistle-blower disclosures were a "contributing factor" in the adverse employment decisions taken against Straub by FCPS. The official taking the adverse employment actions against Straub had actual and/or constructive knowledge of her protected disclosures, and took these adverse employment actions against Straub within a limited period of time so that a reasonable person would conclude Straub's disclosures were a contributing factor in the adverse employment actions.

27. FCPS took adverse action and otherwise discriminated against and retaliated against Straub because of her protected disclosure complaint in opposition to these illegal practices and therefore violated KRS 61.102.

28. FCPS's rationale for taking the adverse employment actions against Straub is pretextual.

29. As a direct and proximate result of FCPS's impermissible and retaliatory acts and omissions made illegal under KRS 61.101, *et seq.*, Straub has suffered and is entitled to recover from FCPS her actual damages sustained as a result, including compensatory damages for past, present and future lost wages, benefits, and other privileges of her employment with FCPS, and damages for humiliation, embarrassment, personal indignity, and emotional distress, in an amount in excess of the jurisdictional limits of this Court, and is further entitled to recover her Court costs and reasonable attorneys' fees incurred, all from FCPS.

Presiding Judge: HON. LUCY A. VANMETER (622386)
COM : 000006 of 000009

Filed 26-CI-04696 10/20/2026 Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
11/16/2026 09:28:11 AM
DONALD.MORGAN@DINSMORE.

## COUNT III

**29 U.S.C. 794**
**RETALIATION**

30. Straub repeats and incorporates the allegations contained in numerical Paragraph 1-30 of the Complaint and a Demand for Jury Trial as if fully restated herein,

31. 29 USC 794, more commonly known as the Rehabilitation Act §504 prohibits retaliation against an individual who has made complaints about discrimination of a qualified individual with a disability.

32. The Plaintiff made complaints to the Defendant about the Defendant's failure to provide equal opportunities to students who were qualified as special needs children attending Cardinal Valley Elementary School.

33. As a result of the Plaintiff's objections to the failure to provide an appropriate education, the Plaintiff became a victim of retaliation when she was provided a non-renewal of employment to the Defendant.

34. As a result of the Defendant's retaliation, the Plaintiff suffered loss of income and embarrassment and humiliation.

## COUNT IV

**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. §12.203 *ET SEQ*.**

35. Straub repeats and incorporates the allegations contained in numerical Paragraphs 1-24 of the Complaint and demands a Jury Trial.

36. The ADA §503 (42 U.S.C. §12203) prohibits any "person from retaliating against an individual who advocates for the rights of a qualified individual with a disability."

Presiding Judge: HON. LUCY A. VANMETER (622386)

COM : 000007 of 000009



Filed 26-CI-04696 10/20/2026 Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
11/16/2026 09:28:11 AM
DONALD.MORGAN@DINSMORE.

37. The Plaintiff complained about the Defendant's failure to provide qualified children with a disability the appropriate educational services solely due to their protected status as children with disabilities.

38. As a result, the Plaintiff was subject to an unwarranted investigation by the Educational Professional Standards Board.

39. As a result, the Plaintiff was denied re-employment for the academic year 2025-2026.

40. As a result of the Defendant's retaliatory conduct, the Plaintiff suffered economic loss and embarrassment and humiliation which demands compensation.

**WHEREFORE**, Straub requests the following relief from this Court:

1. A trial by jury;
2. All remedies provided under the laws of KRS Chapter 344, *et seq.*;
3. All remedies provided under the laws of KRS Chapter 61.101, *et seq.*
4. All remedies under 29 U.S.C. §794.
5. All remedies available under the Americans with Disabilities Act.
6. Compensatory and actual damages including, but not limited to, past, present and future lost benefits and lost wages;
7. Compensatory damages including, but not limited to, past, present and future embarrassment and emotional distress;
8. Equitable relief including reinstatement and front pay;
9. Punitive damages to punish and deter Defendant from engaging in similar future unlawful conduct;
10. An award of statutory attorney's fees, costs and expenses;

Presiding Judge: HON. LUCY A. VANMETER (622386)
COM : 000008 of 000009

NOT ORIGINAL DOCUMENT
11/16/2026 09:28:11 AM
DONALD.MORGAN@DINSMORE.

11. Statutory interest on all monetary damage awards or judgments; and,

12. All other legal or equitable relief that this Court deems appropriate.

Respectfully submitted,

ARNOLD & MILLER, P.L.C

<u>*/s/ Chrisopher D. Miller*</u>
Christopher D. Miller
121 Prosperous Place, Suite 6B
Lexington, Kentucky 40509
Telephone: (859) 381-9999
Facsimile: (859) 389-6666
E-mail: *cmiller@arnoldmillerlaw.com*

and

Edward E. Dove
201 W. Short Street
Sute 300
Lexington, KY 40507
P: 859-252-0020
E-mail: *eddove@windstream.net*

Presiding Judge: HON. LUCY A. VANMETER (622386)

COM : 000009 of 000009

AOC-105 Doc Code: CI
Rev. 8-26

Commonwealth of Kentucky
Court of Justice www.kycourts.gov

CR 4.02; 5.01; 5.02; 5.03; 5.04; 5.05

# CIVIL SUMMONS

Case No: **26-CI-04696**
Court: **CIRCUIT**
County: **FAYETTE**
Division: **CIRCUIT**

NOT ORIGINAL DOCUMENT
11/16/2026 09:28:55 AM
DONALD.MORGAN@DINSMORE.C

*Plaintiff,* **STRAUB, CARRIE VS. FAYETTE COUNTY PUBLIC SCHOOLS**, *Defendant*

**Service of Process Agent for Defendant:**
**FAYETTE COUNTY PUBLIC SCHOOLS**
**BILL BRADFORD, INTERIM SUPERINTENDENT**
**450 PARK PLACE**
**LEXINGTON, KY 40511**

## THE COMMONWEALTH OF KENTUCKY
## TO THE ABOVE-NAMED DEFENDANT(S):

A lawsuit has been filed against you in the Court listed above. A copy of the lawsuit is attached to this summons. **Read this summons and the attached lawsuit carefully.**

1. **You or your attorney must file a written defense (usually called an "Answer") within 20 days following the date you received this summons.** The 20 days starts to run the day after you were served. This Answer must be filed with the Circuit Court Clerk in the county listed above. **If an Answer is not filed, a default judgment may be entered against you.**
2. You or your attorney must serve a copy of your Answer on each Plaintiff by mail, hand-delivery, or any other method allowed by Kentucky Rules of Civil Procedure, Rule 5. If a Plaintiff is represented by an attorney, you must serve your Answer to the attorney instead of the Plaintiff. The name and address of each Plaintiff or Plaintiff's attorney are listed in the attached lawsuit. You must file a certificate of service, which may be filed with your Answer,stating the date you served your Answer on each Plaintiff or Plaintiff's attorney and the method you used to serve it.

Date: **10/20/2026**

*Scan the QR code to visit the KCOJ's Legal Self-Help webpage to access additional available resources*

Fayette Circuit Clerk

Presiding Judge: HON. LUCY A. VANMETER (622386)

## Proof of Service

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

______________________________________________

this Date ______________________

______________________
Served By

______________________
Title

CI : 000001 of 000001

Summons ID: @90006089621
CIRCUIT: 26-CI-04696 Certified Mail
STRAUB, CARRIE VS. FAYETTE COUNTY PUBLIC SCHOOLS

eFiled

NOT ORIGINAL DOCUMENT
11/16/2026 09:29:16 AM
DONALD.MORGAN@DINSMORE.

AOC-104 Doc. Code: CCCS
Rev. 7-22
Page 1 of 1

Commonwealth of Kentucky
Court of Justice www.kycourts.gov

# CIVIL CASE COVER SHEET

Case No.: ______
Court: CIRCUIT
County: Fayette
Division: ______

PLAINTIFF/PETITIONER *OR* IN RE/IN THE INTEREST OF:
CARRIE STRAUB

DEFENDANT/RESPONDENT, *if applicable:*
FAYETTE COUNTY PUBLIC SCHOOLS

☐ Check here if **YOU DO NOT HAVE AN ATTORNEY** and are **REPRESENTING YOURSELF** (a Self-Represented *[Pro Se]* Litigant)

**Nature of the Case:** Place a "X" to the left of the ***ONE*** case category that most accurately describes your ***PRIMARY CASE***. If you are making more than one type of claim, check the one that you consider most important.

**DOMESTIC RELATIONS**
- ☐ Dissolution/Divorce with Children (DISSOC)
- ☐ Dissolution/Divorce without Children (DISSO)
- ☐ Paternity (PA)
- ☐ Custody (CUSTO)
- ☐ Child Support IV-D (SUPIV)
- ☐ Child Support Private Non IV-D (SUPPRI)
- ☐ URESA/UIFSA (UR)
- ☐ Visitation/Parenting Time (VISIT)
- ☐ Voluntary Termination of Parental Rights (VTPR)
- ☐ Involuntary Termination of Parental Rights (ITPR)
- ☐ Adoption (ADPT)
- ☐ Other: (DFOTH) ______

**PROBATE / ESTATE**
- ☐ Guardianship-Adult (GCADLT)
- ☐ Guardianship-Juvenile (GCJUV)
- ☐ Adult Conservatorship - Trusteeship (CONSVA)
- ☐ Juvenile Conservatorship - Trusteeship (CONSVJ)
- ☐ Probate-Testate (with a will) (PBTEST)
- ☐ Probate-Intestate (without a will) (PBINT)
- ☐ Petition to Dispense with Administration (PBDIS)
- ☐ Name Change (NC)
- ☐ Will Contest (WC)
- ☐ Other: (PBOTH) ______

**TORT** (Injury)
- ☐ Automobile (AUTO)
- ☐ Intentional (INTENT)
- ☐ Malpractice-Medical (MDML)
- ☐ Malpractice-Other (MLOTH) ______
- ☐ Premises Liability (PREM)
- ☐ Product Liability (PROD)
- ☐ Property Damage (PD)
- ☐ Slander/Libel/Defamation (SLAND)
- ☐ Other: (PIOTH) ______

**REAL PROPERTY**
- ☐ Abandoned and Blighted Property Conservatorship (PC)
- ☐ Property Rights (PR)
- ☐ Condemnation (DOMAIN)
- ☐ Forcible Detainer - Eviction (FD)
- ☐ Forcible Entry (FENTRY)
- ☐ Foreclosure (FCL) ***eFile Only**
- ☐ Other: (COOTH) ______

**EMPLOYMENT**
- ☐ Employment-Discrimination (DSCR)
- ☑ Employment-Other (DISPU) Retaliation

**CONSUMER**
- ☐ Seller Consumer Goods (DEBTG)
- ☐ Seller Consumer Services (DEBTS)
- ☐ Buyer Consumer Goods (BUYERG)
- ☐ Buyer Consumer Services (BUYERS)
- ☐ Credit Card Debt (CREDIT) ***eFile Only**
- ☐ Fraud (FRAUD)
- ☐ Other: (COOTH) ______

**APPEALS**
- ☐ Appeal from Administrative Agency (AB)
- ☐ Appeal from District Court (XI)
- ☐ Other: (OTH) ______

**MISC CIVIL**
- ☐ Constitutional Challenge (CCHAL)
- ☐ Habeas Corpus (HABEAS)
- ☐ Non-Domestic Relations Restraining Order (IP)
- ☐ Tax (TAX)
- ☐ Writs (WRITS)
- ☐ Other: (OTH) ______

**BUSINESS / COMMERCIAL**
- ☐ Business Tort (BCPI)
- ☐ Statutory Action (BCSA)
- ☐ Business Contract Dispute (BCCO)
- ☐ Other: (BCOTH) ______

Print Form Reset Form



Presiding Judge: HON. LUCY A. VANMETER (622386)
CCCS : 000001 of 000001

**Commonwealth of Kentucky**
**Vincent Riggs, Fayette Circuit Clerk**

NOT ORIGINAL DOCUMENT
11/16/2026 09:29:42 AM
DONALD.MORGAN@DINSMORE.

**Case #:** 26-CI-04696 **Envelope #:** 15195651

**Received From:** CHRISTOPHER MILLER **Account Of:** CHRISTOPHER MILLER

**Case Title:** STRAUB, CARRIE VS. FAYETTE COUNTY PUBI SCHOOLS **Confirmation Number:** 228890611

**Filed On** 10/20/2026 3:20:30PM

| # | Item Description | Amount |
|---|---|---|
| 1 | Court Facilities Fee | $25.00 |
| 2 | Access To Justice Fee | $20.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Money Collected For Others(Postage) | $35.00 |
| 5 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 6 | Library Fee | $1.00 |
| 7 | Civil Filing Fee | $188.00 |
| 8 | Charges For Services(Copy - Photocopy) | $1.20 |
| 9 | Charges For Services(Jury Demand / 12) | $70.00 |
| | **TOTAL:** | $365.20 |

AL DOCUMENT

AM

Fayette County

Vincent Riggs

Circuit Court Clerk

**Receipt Number: 27-0166767-A**

DATE: 10/20/2026

TIME: 03:34 PM EST

*** (Z) OTHER TYPE RECEIPT ***

**CASE NO: 26-CI-04696**

RECEIVED FROM: CHRISTOPHER MILLER

ACCOUNT OF: STRAUB, CARRIE VS.
FAYETTE COUNTY PUBLIC SCHOOLS

PARTY NAME: CHRISTOPHER MILLER

| | | |
|---|---|---|
| 1. | ATJ Fee (1) | $20.00 |
| 2. | Court Technology MCFO(K(CT)) | $20.00 |
| 3. | Civil Filing Fee (Q) | $188.00 |
| 4. | Library Fee (L) | $1.00 |
| 5. | Court Facilities Fee ([) | $25.00 |
| 6. | Att Tax Fee MCFO(K(Q)) | $5.00 |
| 7. | Jury Demand / 12 CS(W(M)) | $70.00 |
| 8. | Postage MCFO(K(H)) | $35.00 |
| 9. | Copy - Photocopy CS(W(F)) | $1.20 |
| | TOTAL: | $365.20 |
| | CREDIT CARD: | $365.20 |
| | ***DIFF: | $0.00 |

*** Credit Card Invoice #: 228890611

AL DOCUMENT

AM 15195651

*** MultiReceipt/MassReceipt Transaction ***

Reprint : 10/21/2026 9:22:06AM

Prepared By: Web_Payment

Pay Online Visit:

www.kycourts.gov and click on Pay Fine/Fee.

Reprint

Filed 26-CI-04696 10/27/2026 Vincent Riggs, Fayette Circuit Clerk

UNITED STATES POSTAL SERVICE

NOT ORIGINAL DOCUMENT
11/16/2026 09:30:23 AM
DONALD.MORGAN@DINSMORE.

Date Produced: 10/27/2026

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8351 1085 52. Our records indicate that this item was delivered on 10/26/2026 at 03:31 p.m. in LEXINGTON, KY 40511. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient : 450 Park Pl

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

FAYETTE COUNTY PUBLIC SCHOOLS
BILL BRADFORD, INTERIM SUPERINTENDENT
450 PARK PLACE
LEXINGTON KY 40511

COR : 000001 of 000002

Customer Reference Number: C7266521.44645527

Filed 26-CI-04696 10/27/2026 Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
11/16/2026 09:30:23 AM
DONALD.MORGAN@DINSMORE.C

USPS MAIL PIECE TRACKING NUMBER: 420405119236090194038351108552
MAILING DATE: 10/21/2026
DELIVERED DATE: 10/26/2026
Custom 1: DriverId-15195651
Custom 2: PartyId-97881088
Custom 3: SummonsNum-@90006089621
Custom 4: CentralMailId-330778
Custom 5: Source County-FAYETTE

MAIL PIECE DELIVERY INFORMATION:

FAYETTE COUNTY PUBLIC SCHOOLS
BILL BRADFORD, INTERIM SUPERINTENDENT
450 PARK PLACE
LEXINGTON KY 40511

MAIL PIECE TRACKING EVENTS:

| | | |
|---|---|---|
| 10/21/2026 09:50 | PRE-SHIPMENT INFO SENT USPS AWAITS ITEM | FRANKFORT,KY 40601 |
| 10/21/2026 16:17 | SHIPMENT RECEIVED ACCEPTANCE PENDING | FRANKFORT,KY 40601 |
| 10/23/2026 16:19 | ORIGIN ACCEPTANCE | FRANKFORT,KY 40601 |
| 10/23/2026 17:34 | PROCESSED THROUGH USPS FACILITY | LOUISVILLE,KY 40221 |
| 10/25/2026 17:16 | PROCESSED THROUGH USPS FACILITY | LEXINGTON KY DISTRIBUTION CENTE 40511 |
| 10/26/2026 06:58 | PROCESSED THROUGH USPS FACILITY | LEXINGTON KY DISTRIBUTION CENTE 40511 |
| 10/26/2026 15:31 | DELIVERED LEFT WITH INDIVIDUAL | LEXINGTON,KY 40511 |

COR : 000002 of 000002